Date signed June 30, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                            :

MELINDA THOMAS        :     Case No.10-2-2263PM
                                  :           Chapter 13
        Debtor                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

## MEMORANDUM OF DECISION

      This case is before the court following a hearing on the Debtor's motion filed pursuant to § 362(c)(4) of the Bankruptcy Code requesting that the stay of § 362(a) take effect. This section of the Bankruptcy Code does not apply to this case, because this Debtor had two cases pending under Title 11 within the previous year. The first was a failed Chapter 13 case, and the second was a case under Chapter 7 in which Debtor received a discharge. In effect, this is a case under Chapter 20 of the Bankruptcy Code, that is, a Chapter 13 filed immediately following the termination of a case under Chapter 7. The purpose of the filing in this fashion is to enable the Debtor to avoid an alleged wholly unsecured lien held by a creditor described as BAC Home Loan/Wilshire. However, Debtor will be barred by § 1328(f)(1) from obtaining a discharge in this case upon consummation of a confirmed Chapter 13 Plan. This is of little moment to the Debtor inasmuch as her personal liability on the secured claims has been discharged. The one unsecured creditor listed most likely holds a claim that may be excepted from discharge.

      This lien avoidance scheme was further implemented by Debtor not filing this motion to extend the stay until ten days after the filing of this bankruptcy case under Chapter 13. Thus, when the Clerk sent notice of this hearing to the affected creditors by mail on June 13, 2010, little time was left for creditors to oppose Debtor's motion should they desire.

The court heard the testimony of the Debtor and finds her to be credible. She stated that she is now employed with income supplemented by a Social Security payment received for her brother for whom she cares, child support from the father of her one-year old child, and money for foster care. The court finds, for the purposes of this matter, that the Debtor filed this case solely in an effort to maintain her home. The court finds that there has been a substantial change in her circumstances caused by her employment and by the culmination of her pregnancy. Accordingly, the court will enter an order imposing the stay of 11 U.S.C. § 362(a) as to all creditors.

Whether the Debtor will be able to strip off the alleged wholly unsecured claim is an entirely separate issue that will be decided at a later time. A number of cases such as *In re Jarvis*, 390 B.R. 600 (BC C.D. Ill. 2008); *In re Mendoza*, 2010 WL 736834 (BC Colo. 2010); and *In re Quiles*, 262 B.R. 191 (BC R.I. 2001), stand for the proposition that wholly unsecured junior mortgages may not be stripped off where a Chapter 13 case is filed on the heels of a prior Chapter 7 filing. In addition, either the Trustee or a creditor may urge that this case may be subject to attack as a bad faith filing under the principles enunciated in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007). These are issues to be decided on another day.

An appropriate order will be entered.

cc:
All Creditors and Parties in Interest

**End of Memorandum**